**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Roman Fontes,

Plaintiff,

v.

GESS RNG Biogas USA LLC, et al.,

Defendants.

No. CV-26-01375-PHX-KML

**ORDER**

Defendant GESS RNG Biogas USA LLC seeks to amend its answer to assert three counterclaims. (Doc. 20.) Plaintiff Roman Fontes argues defendant should have filed its motion earlier, the counterclaims are "designed to gain tactical advantage rather than to vindicate a legitimate claim," and allowing the amendment would be prejudicial. (Doc. 21 at 7.) Although the timing is suspicious, defendant's motion is granted.

**I. Background**

Fontes filed his complaint in state court in December 2025. (Doc. 1-4 at 4.) That complaint alleged claims for unpaid wages. After the case was removed to federal court, defendant filed its answer on March 5, 2026. (Doc. 7.) The parties then filed a joint case management report where GESS did not mention it planned to amend its answer. (Doc. 14 at 2.) The court set June 8, 2026, as the deadline for amendments to the pleadings and August 28, 2026, as the deadline for fact discovery. (Doc. 15.)

On June 8, defendant filed its motion to amend, seeking leave to assert counterclaims for breach of fiduciary duty, breach of contract, and breach of the covenant

of good faith and fair dealing. (Doc. 20-1 at 18.) The motion claims defendant "discovered the basis for its Counterclaims only after further investigation" but does not provide any specifics. (Doc. 20 at 1.) Fontes opposes the motion, arguing discovery on his claims is almost complete, allowing GESS to assert its counterclaims would be prejudicial and, in any event, the counterclaims are futile.

**II. Analysis**

Defendant's motion was filed by the deadline for amendments established by the court, so Rule 15(a) supplies the applicable standard. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). That standard "is very liberal and leave to amend shall be freely given when justice so requires." *Id.* at 951 (simplified). Although leave should be freely given, it "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Denying leave to amend may be appropriate "where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen*, 465 F.3d at 951.

Beginning with prejudice, amendments that will require additional discovery may be deemed prejudicial to the non-moving party. *Jackson*, 902 F.2d at 1387-88. But such prejudice often arises in the context of a significant delay in seeking amendment, such as the fifteen-month delay in *AmerisourceBergen*, 465 F.3d at 953. *See also Jackson*, 902 F.2d at 1387 (finding prejudice when amendment was sought eight months after opposing party filed its motion for summary judgment). In this case, allowing the counterclaims will require additional discovery, but the case only began eight or so months ago and it arrived in federal court fewer than six months ago. The original deadline for fact discovery has not yet expired and no motion for summary judgment has been filed. In these circumstances, the need for additional discovery would not be sufficiently prejudicial to merit denying leaving to amend.

The second factor requires the court assess whether defendant is acting in bad faith. Fontes claims the timing of the motion to amend reflects bad faith based on GESS not

mentioning its plan to amend earlier and the proposed counterclaims being inconsistent with its previous positions. (Doc. 21 at 7-8.) According to GESS, it was entitled to "wait[] until it [had] a sufficient factual basis to assert claims" before filing its motion to amend. (Doc. 23 at 4.) GESS does not explain what additional facts it discovered or when, but the court assumes defense counsel's representations have factual support such that new facts were, in fact, recently discovered. The present record does not establish defendant is acting in bad faith.

The third factor looks to whether defendant has unduly delayed seeking amendment. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* at 1388. GESS should have offered evidence showing the new "facts or theories gleaned from . . . discovery" that prompted it to seek amendment. *Id.* The failure to point to such evidence would be a valid basis for denying amendment. *Id.* But the court again accepts defense counsel's representations that GESS only recently discovered the evidence that prompted the motion to amend. There has not been undue delay.

The final factor is whether the proposed amended pleading would be futile. There is a "general preference against denying a motion for leave to amend based on futility." *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011). District courts often "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* The counterclaims are not obviously futile, so arguments regarding their sufficiency are best addressed in the context of a motion to dismiss. *See Equal Emp. Opportunity Comm'n v. Crew Concepts, Inc.*, No. CV 06-388-S-EJL, 2007 WL 9747512, at *2 (D. Idaho July 30, 2007) ("A motion for leave to amend will not be denied on the basis of futility unless it is facially obvious that amendment would be frivolous.").

The Rule 15(a) factors support allowing amendment. Assuming the counterclaims state claims for relief, the parties may require extensions of the existing case management

deadlines. They must confer and file a joint proposed schedule.

**IT IS ORDERED** the Motion to Amend (Doc. 20) is **GRANTED**. Defendant shall file its amended answer within **three days** of this order.

**IT IS FURTHER ORDERED** no later than **August 19, 2026**, the parties shall confer and file a joint statement identifying new proposed case management dates.

Dated this 12th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**